IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MORRIS J. CLARINGTON,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | 5:12-cv-35 (CAR) |
| v. | : | |
| | : | |
| Warden BRUCE CHAPMAN and | : | |
| JOHN PAUL, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

Currently before the Court are two motions filed by Plaintiff Morris Jerome Chatman: Motion For Documents and Records at Government Expense [Doc. 10], which the Court construes as a motion to appeal *in forma pauperis*, and Motion to Clarify Sentence [Doc. 11], which the Court construes as a motion to modify Plaintiff's sentence.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  On February 13, 2012, United States Magistrate Judge Charles Weigle ordered Plaintiff to supplement his Complaint because he failed to make any allegations against any Defendants in his original Complaint [Doc. 5].  Plaintiff failed to comply, and his claim was eventually dismissed for lack of prosecution [Doc. 7].

Now, in his Motion to Clarify, Plaintiff asks this Court to give him credit for time he served before his sentence was imposed.  It appears that Plaintiff was sentenced in

1

the Superior Court of Houston County. Thus, Plaintiff is seeking relief that can only be obtained in a habeas corpus action, which is the only remedy available for state prisoners attacking the length of their confinement. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (a prisoner challenging the condition of his confinement may bring a claim under 42 U.S.C. § 1983, while a claim challenging conviction should be brought as a habeas corpus action).

    Plaintiff also seeks to appeal the dismissal this action without the prepayment of fees. This Court may authorize Plaintiff's request pursuant to 28 U.S.C. § 1915(a)(1), but "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3). "Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard." Spears v. Frazier, No. 6:11-cv-116, 2012 WL 1044318, at *3 (S.D. Ga. Mar. 28, 2012) (citing Coppedge v. United States, 369 U.S. 439, 445 (1962) and Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999)). A claim is frivolous if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

    The Court hereby certifies that Plaintiff's claims are frivolous and his appeal is not taken in good faith. Plaintiff failed to make any substantive allegations against Defendants in his initial Complaint, failed to comply with several orders issued by

Judge Weigle, and asks this Court to grant relief that is not available in a § 1983 action. Plaintiff's claims are frivolous. Accordingly, his Motion For Documents and Records at Government Expense [Doc. 10], which this Court has construed as a motion to appeal *in forma pauperis*, is **DENIED.** In addition, Plaintiff's Motion to Clarify Sentence [Doc. 11] is also **DENIED.**

    SO ORDERED, this 19th day of June, 2012.

                          S/ C. Ashley Royal
                          C. ASHLEY ROYAL
                          UNITED STATES DISTRICT JUDGE

AES